

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# Despalisse v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3736

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Despalisse v. Atty Gen USA" (2006). *2006 Decisions.* Paper 178.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/178

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3736
_____

SONY DESPALISSE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A41-585-036)
Immigration Judge Walter A. Durling
_____

Argued September 14, 2006
Before:  FUENTES, FISHER and McKAY,[*] *Circuit Judges*.

(Filed:  November 20, 2006)

Michael D. Raffaele (Argued)
Andrew K. Fletcher
Pepper Hamilton
18th and Arch Streets
3000 Two Logan Square
Philadelphia, PA  19103
         *Attorneys for Petitioner*

_____

[*]The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth
Circuit, sitting by designation.

Susan R. Becker (Argued)
Mark Anderson
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
  *Attorneys for Respondent*

—————————

OPINION OF THE COURT

—————————

FISHER, *Circuit Judge*.

Sony Despalisse appeals the determination by the Board of Immigration Appeals that he is ineligible for relief under § 240A(a) of the Immigration and Nationality Act ("INA").[1] He also claims, in the alternative, that he is eligible for "waiver of deportation" under § 212(c) of the INA, which was repealed in 1997. For the reasons that follow, we will deny the petition in part and dismiss the petition in part for lack of jurisdiction.

## I.

As we write only for the parties, who are familiar with the factual context and the procedural history of the case, we will set forth only those facts necessary to our analysis.

Sony Despalisse ("Despalisse"), a native and citizen of Haiti, entered the United States as a permanent resident in 1988. He was convicted of prostitution in 1992, and when he attempted to re-enter the United States in 2001 he was detained by immigration

---

[1] The Court thanks Michael D. Raffaele, attorney for Sony Despalisse, for his *pro bono* service in this appeal.

authorities as an inadmissible alien.[2]  Despalisse was released, but not legally admitted

into the United States.  In January 2002, Despalisse was served with a Notice to Appear

and was formally detained.  He was charged as an alien subject to exclusion based on the

commission of prostitution within ten years of the date of entry pursuant to

§ 212(a)(2)(D) of the INA.[3]  *See* 8 U.S.C. § 1182(a)(2)(D).  Despalisse did not contest the

charge, but submitted an application for discretionary relief from removal.  He asserted

that, as a lawful permanent resident of the United States who had continuously resided in

the country for more than seven years, he was eligible for cancellation of removal under

§ 240A(a) of the INA.  He also claimed, in the alternative, that he was eligible for waiver

of deportation under § 212(c) of the INA, which he acknowledged was repealed in 1997.

However, he argued that the application of the statute repealing § 212(c) would be

impermissibly retroactive as applied to his case because relief under § 212(c) had been

available to him prior to 1997.

    The Immigration Judge ("IJ") found that Despalisse was eligible for relief under

§ 240A(a).  The IJ found that the prostitution conviction came within both

§ 212(a)(2)(A)(i)(I) and § 212(a)(2)(D).[4]  He also determined that the conviction fell

---

[2]Despalisse had several subsequent convictions, but they are not relevant to our analysis.

[3]The Notice to Appear also included a conviction of an offense relating to a controlled substance pursuant to § 212(a)(2)(A)(i)(II) of the INA as a basis for exclusion.

[4]Section 212(a)(2)(A)(i)(I) provides that "[e]xcept as provided in clause (ii), any alien convicted of, or who admits to having committed, or who admits committing acts which constitute the essential elements of – (I) a crime involving moral turpitude (other

3

within the petty offense exception of § 212(a)(2)(A)(ii). Even though the IJ recognized that, by its terms, the petty offense exception only applied to convictions within § 212(a)(2)(A)(i)(I), he determined that the exception should also apply to § 212(a)(2)(D) because the same conduct could support a finding of inadmissibility under both subparagraphs. The IJ granted cancellation of removal under § 240A(a), and expressly declined to address Despalisse's claim regarding repealed § 212(c).

The Immigration and Naturalization Service[5] appealed to the Board of Immigration Appeals ("BIA") challenging only Despalisse's entitlement to relief under § 240A(a), not the availability of relief under repealed § 212(c). Despalisse did not file a cross-appeal or a brief in opposition. The BIA reversed the IJ, concluding that the language of the petty offense exception made it clear that the exception only applies to crimes under § 212(a)(2)(A)(i)(I). The BIA did not address the issue of whether Despalisse was eligible for waiver of deportation under repealed § 212(c). Despalisse filed a petition for review with this Court.

---

than a purely political offense) or an attempt or conspiracy to commit such a crime . . . is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(I). Section 212(a)(2)(D) provides in pertinent part that "any alien who . . . has engaged in prostitution within 10 years of the date of application for a visa, admission, or adjustment of status . . . is inadmissible." 8 U.S.C. § 1182(a)(2)(D).

[5]The Immigration and Naturalization Service ("INS") ceased to exist in 2003. Pursuant to the Homeland Security Act of 2002, the enforcement functions of the INS were transferred to the Department of Homeland Security, Bureau of Immigration and Customs Enforcement. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, § 441, 116 Stat. 2135, 2192.

II.

We have appellate jurisdiction over the part of the petition for review regarding the cancellation of removal claim pursuant to 8 U.S.C. § 1252(a)(2)(D). Whether an alien is eligible for cancellation of removal is a question of law, subject to plenary review with due deference to any interpretation of the enabling statute followed by the administrative entity. *See*, *e.g.*, *Kamara v. Attorney General*, 420 F.3d 202, 211 (3d Cir. 2005).

Section 240A(a) of the Immigration and Nationality Act ("INA") allows the Attorney General, as a matter of discretion, to cancel the removal of any deportable or inadmissible alien if the alien (1) has been a permanent resident for five years or more, (2) has "resided in the United States continuously for 7 years after having been admitted in any status," and (3) has not been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a). There is no dispute that Despalisse satisfied the first and third conditions for relief. Instead, the issue is whether he satisfied the continuous residence requirement. Section 240A(d) of the INA provides that the period of continuous residence or continuous physical presence "shall be deemed to end . . . when the alien has committed an offense referred to in section [212(a)(2)] of this title that renders the alien inadmissible to the United States under section [212(a)(2)] of this title." 8 U.S.C. § 1229b(d)(1).

Despalisse's 1992 prostitution conviction undoubtably constitutes a basis for inadmissibility under § 212(a)(2)(D). Despalisse argues, however, that because his prostitution conviction can also be characterized as a "crime of moral turpitude" under § 212(a)(2)(A)(i)(I), the petty offense exception to that provision applies to his

conviction. Under the petty offense exception, an alien who has committed a crime of moral turpitude can avoid a finding of inadmissibility under subparagraph (A)(i)(I) if the crime is not punishable by a sentence of more than one year, and the actual sentence imposed is six months or less. Despalisse's argument is unconvincing. Congress clearly singled out prostitution as an independent basis for inadmissibility for which there is no petty offense exception. Therefore, the clock on Despalisse's continuous residence within the United States stopped running in 1992, when he was convicted of prostitution. Because the conviction occurred less than seven years after Despalisse was admitted to the United States, he does not meet the continuous residency requirement of § 240A(a). We agree with the BIA's determination that Despalisse was not eligible for cancellation of removal under § 240A(a).

### III.

We do not have jurisdiction over Despalisse's claim that he is eligible for relief under § 212(c) because the matter was neither presented to nor addressed by the BIA, and therefore we must dismiss the claim.[6] This Court has jurisdiction to review a final order of removal only "if the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003) (explaining that 8 U.S.C. § 1252(d)(1) is jurisdictional and claim

---

[6]Even though neither party raised a jurisdictional challenge to this claim, we are obligated to inquire *sua sponte* into our authority to entertain the case. *See Korytnyuk v. Ashcroft*, 396 F.3d 272, 279 (3d Cir. 2005).

specific).  An alien, as an absolute prerequisite to judicial review, must present to the BIA – not merely the immigration judge – each "particular question" that he or she wishes to present to the court of appeals, even if the alien is not the appealing party in the agency proceedings.  *See Abdulrahman*, 330 F.3d at 594-95 (citation omitted); *Alleyne v. INS*, 879 F.2d 1177, 1182 (3d Cir. 1989).  Despalisse has not exhausted his administrative remedies.  He did not file a cross-appeal or file a brief in opposition to the appeal of the immigration service.  The BIA was never given the opportunity to consider Despalisse's eligibility for § 212(c) relief, and therefore we lack jurisdiction to consider the claim.  *See Bonhometre v. Gonzales*, 414 F.3d 442, 447-48 (3d Cir. 2005).

IV.

Because we agree with the BIA's determination that Despalisse is not eligible for cancellation of removal under § 240A(a), we will deny the petition for review regarding that claim.  We will dismiss the remaining part of the petition regarding the § 212(c) claim because we lack jurisdiction to consider this claim.